812 P.2d 1083

**STATE of Arizona, Appellee,**

v.

**Richard Ray GLASSCOCK, Appellant.**

**No. 1 CA–CR 89–1263.**

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 31, 1990.

Redesignated as Opinion Feb. 21, 1991.

Review Denied June 24, 1991.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Eric A. Bryant, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel,

Deputy Public Defender, Phoenix, for appellant.

## OPINION

TAYLOR, Presiding Judge.

Appellant Richard Ray Glasscock ("defendant") timely appeals from a judgment of conviction of armed robbery, a class 2 dangerous felony, and the sentence imposed.

## FACTS AND PROCEDURAL BACKGROUND

Defendant was indicted on one count of armed robbery, a class 2 felony. The state filed an allegation of dangerous nature of felony pursuant to A.R.S. § 13–604. Thereafter, the defendant entered into a plea agreement and pled guilty to armed robbery, a class 2 dangerous felony. The agreement set forth the applicable range of sentences for the offense, which was a minimum term of 7 years, a presumptive term of 10.5 years, and a maximum term of 21 years. The agreement provided that the sentence would not exceed 15 years and would be concurrent to any sentence imposed for a probation violation in another case. In addition, the state agreed not to file any charges arising out of a Phoenix police departmental report. The probation department recommended that defendant be sentenced to the presumptive term.

At the change of plea hearing, the court found the plea agreement had been entered into knowingly, voluntarily and intelligently. At sentencing, the court stated that defendant was convicted of armed robbery, a nondangerous, nonrepetitive class 2 felony. The court then asked both counsel if there were any mitigating or aggravating circumstances, and they responded in the negative. Mistakenly thinking the conviction was for a nondangerous class 2 felony, the court then proceeded to sentence defendant to what it believed was a presumptive 7–year term, with 109 days given for presentence incarceration credit.[1]

Thereafter, this exchange took place:

1. The range of sentences for a class 2, nondangerous felony is 5.25 years minimum, 7 years

THE CLERK: I have one question. What is the significance of 604 on dangerous, non-repetitive—

THE COURT: That's what the Plea Agreement said and I followed it. And so does the—the only document I have to go by—oh, it is noted as a dangerous offense; right. Yes, dangerous, non-repetitive.

So change that in the record, and thank you very much, Pauline. A dangerous, non-repetitive offense.

If it's dangerous, would that be the presumptive? ...

But I'll have to sentence him to more time than that under those circumstances. We're going to have to up the ante to ten and a half years. That's what the statute requires for a presumptive term. I could give him a minimum—

[DEFENSE COUNSEL]: The minimum was seven, Your Honor. I thought that was the Court's intention—

THE COURT: Well, I have to make findings, that's true. What mitigating factors are involved in this case?

Defense counsel then advised the court that the defendant did not have a long criminal record and that, according to the probation officer, could be rehabilitated. The court then found there were mitigating circumstances sufficiently substantial to call for a lesser term than the presumptive term and sentenced the defendant to a 9–year term of imprisonment, with 109 days given for presentence incarceration credit. The only issue on appeal is whether the court had the legal authority to increase the defendant's sentence to 9 years after it had imposed a sentence of 7 years.

## DISCUSSION

■ The plea agreement correctly set forth the range of sentences for a dangerous class 2 felony of 7, 10.5 and 21 years, pursuant to A.R.S. § 13–701(C)(1) and A.R.S. § 13–604(G). Under A.R.S. § 13–702(C):

presumptive, and 14 years maximum.

The upper or lower term imposed pursuant to section 13–604 or 13–710 or subsection (A) or (B) of this subsection may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing.

Compliance with this statute by a sentencing court is mandatory. *State v. Travis*, 150 Ariz. 45, 48, 721 P.2d 1172, 1175 (App. 1986); *State v. Rodriguez*, 126 Ariz. 104, 107, 612 P.2d 1067, 1070 (App.1980).

In the original sentence, the court intended to impose the presumptive term. The court made no findings of mitigating circumstances and yet mistakenly sentenced the defendant to what in actuality was a mitigated term. It is apparent the court had forgotten that the offense was a dangerous class 2 felony with a presumptive term of 10.5 years. After being advised of the error by his clerk, the court reviewed evidence in favor of a mitigated sentence. The court then made findings as required by A.R.S. § 13–702(C) and sentenced the defendant to a mitigated term of 9 years.

■ We agree with the defendant that a court has no inherent power to change a lawfully imposed sentence. *State v. Falkner*, 112 Ariz. 372, 374, 542 P.2d 404, 406 (1975); *State v. Pike*, 133 Ariz. 178, 180, 650 P.2d 480, 482 (App.1982). We also agree that the original sentence was lawful in the sense that it was within the statutorily imposed perimeters for the crime. *State v. Thomas*, 142 Ariz. 201, 204, 688 P.2d 1093, 1095 (App.1984).

■ However, under Rule 24.3 of the Arizona Rules of Criminal Procedure, the court may correct "any unlawful sentence *or one imposed in an unlawful manner* within sixty days of the entry of judgment

and sentence but before the defendant's appeal, if any, is filed." (Emphasis added.) A sentence imposed in an unlawful manner is one imposed without due regard to the procedures required by statute or Rule 26 of the Arizona Rules of Criminal Procedure. *See* Comment to Rule 24.3, Ariz.R. Crim.P.; *State v. Suniga*, 145 Ariz. 389, 395, 701 P.2d 1197, 1203 (App.1985).

■ Here, the original sentence imposed was done so in an unlawful manner, since it was not imposed in compliance with A.R.S. § 13–702(C). We find the court had the power to correct the illegally imposed sentence under Rule 24.3 of the Arizona Rules of Criminal Procedure. *See State v. Falco*, 162 Ariz. 319, 783 P.2d 258 (App.1989) (under Rule 24.3, court could resentence defendant to a term of imprisonment after incorrectly sentencing him to intensive probation not allowed by statute).[2]

Pursuant to A.R.S. § 13–4035, we have reviewed the record for fundamental error. Having found none, the judgment of conviction and sentence imposed thereunder are affirmed.

CONTRERAS and LANKFORD, JJ., concur.

---

**2.** Also, in criminal matters, the judgment and sentence are complete, valid and appealable only when orally pronounced in open court *and* entered on the clerk's minutes. *State v. John-*

*son,* 108 Ariz. 116, 493 P.2d 498 (1972). The record shows that the judgment and sentence were not entered in the clerk's minutes until after the corrected sentence was pronounced.