821 P.2d 233

**The STATE of Arizona, Appellant,**

v.

**Carl Richard HOUSE, Appellee.**

**No. 2 CA–CR 90–0701.**

Court of Appeals of Arizona, Division 2, Department B.

June 25, 1991.

Review Denied Dec. 17, 1991.

Stephen D. Neely, Pima County Atty. by Kathleen Mayer, Tucson, for appellant.

Susan A. Kettlewell, Pima County Public Defender by Kristine Maish, Tucson, for appellee.

## OPINION

HOWARD, Presiding Judge.

Pursuant to a plea agreement, appellee pled guilty to molestation of a child, a class 2 felony. At the sentencing hearing on June 20, 1990, it appeared that the trial court did not have before it a psychologist's report referred to in the presentence report. Defense counsel suggested that sentencing should be continued but the court nevertheless went on with the hearing and sentenced appellee to a presumptive term of 17 years' imprisonment. Appellee filed a motion to modify the sentence under Rule 24.3, Ariz.R.Crim.P., 17 A.R.S., based on the fact that the trial court did not have before it certain documents relevant to sentencing. The motion was granted and the sentence was set aside, the trial court finding that such documents might have resulted in the imposition of a different sentence.

The trial court further elucidated its reasons for granting the motion at resentencing, stating that it had neither a psychological report nor certain letters that were referred to at the time of the sentencing. The court concluded that

> the original sentence was imposed in an unlawful manner due to the fact that that information presented to the Probation Officer, which is an agency of the Court, was not—was not given to the Court. I didn't know about it at the time of sentencing. Although some of it was discussed during the sentencing hearing.
>
> When the motion was received, I read it and decided to—that the—I should have had it at the time of sentencing, and that the sentence was imposed in an unlawful manner.

The court then stated that it had also read letters apparently sent to the probation officer after the initial sentencing and that he considered them a "duplication" of what he had already received. The court found the same aggravating and mitigating factors but gave "substantially more weight to these mitigating factors" than before, imposing a mitigated term of 12 years' imprisonment.

On appeal the state contends that the trial court lacked jurisdiction to modify the sentence which was both lawful and imposed in a lawful manner. We agree.

Rule 24.3, Ariz.R.Crim.P., 17 A.R.S., provides as follows:

> The court may correct any unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is filed.

An unlawful sentence is one that is outside the statutory range. *State v. Suniga*, 145 Ariz. 389, 701 P.2d 1197 (App.1985); *State v. Thomas*, 142 Ariz. 201, 688 P.2d 1093 (App.1984). The sentence initially imposed was not unlawful. The trial court is also without the inherent power to alter a lawfully imposed sentence. *State v. Falkner*, 112 Ariz. 372, 542 P.2d 404 (1975). "A sentence imposed in an unlawful manner is one imposed without due regard to the

procedures required by statute or Rule 26 of the Arizona Rules of Criminal Procedure." *State v. Glasscock*, 168 Ariz. 265, 267, 812 P.2d 1083, 1085 (App.1991), citing the comment to Rule 24.3, Ariz.R.Crim.P., 17 A.R.S.; *see also State v. Suniga, supra.* In *Glasscock*, Division One of this court found that where the trial court had initially imposed a sentence that it mistakenly believed was the presumptive term but which in actuality was a mitigated term, the court was required to articulate the mitigating factors under A.R.S. § 13–702(C), and its resentencing of the defendant to comply with that provision was proper. Under those circumstances, because the trial court had failed to comply with § 13–702(C), the sentence could be characterized as imposed in an unlawful manner. *Compare State v. Suniga, supra* (where trial court misread sentencing guidelines, imposed mitigated term and did articulate mitigating factors, sentence was lawfully imposed and court could not subsequently modify and impose aggravated sentence citing aggravating factor).

Here the court intended to and did impose a presumptive sentence, noting the aggravating and mitigating factors and that they balanced one another. While the fact that the trial court imposed sentence after it realized, at least to some extent, that it did not have before it all factors relevant to sentencing may amount to an abuse of the court's sentencing discretion, *see State v. Grier*, 146 Ariz. 511, 707 P.2d 309 (1985), and *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978), this does not mean the sentence was imposed in an unlawful manner.

We do not believe this case is materially distinguishable from *State v. Falkner, supra.* The defendant in that case filed a Rule 24.3 motion on the ground that the trial court did not have before it information that it should have had at sentencing. The trial court held a new sentencing hearing during which the new information was presented through the testimony of the defendant and a volunteer at his detoxification unit. The court then sentenced the defendant to not less than three nor more than 15 years' imprisonment as opposed to not less than nine nor more than 12. In reversing, the supreme court held that the court had no jurisdiction because the sentence had not been unlawful or imposed in an unlawful manner and, in addition, the defendant had already filed a notice of appeal. Although the trial court in the instant case vacated the sentence so that it could review material that had already been prepared, from the trial court's perspective this was essentially new information that it should have had but did not, as in *Falkner*.

Rule 24.3 was not intended to give trial courts a chance to second guess themselves. *State v. Suniga, supra.* Once the sentence was imposed, therefore, it could not be modified. In light of the trial court's refusal to continue the sentencing hearing, any claim regarding the propriety of that sentence because of the missing materials would have to be pursued in post-conviction proceedings under Rule 32, Ariz. R.Crim.P., 17 A.R.S.

Because of our resolution of the first issue, we need not address the state's contention that the trial court committed reversible error in failing to recuse itself after the court received evidence that was not presented to the court or the probation department until after the initial sentencing.

The trial court's order granting the motion to modify and the subsequently imposed sentence are vacated. The presumptive 17–year sentence originally imposed is reinstated and affirmed.

FERNANDEZ, C.J., and JAMES C. CARRUTH, Superior Court Judge\*, concur.

---

\* A Judge of the Pima County Superior Court authorized and assigned to sit as a Judge on the