937 P.2d 361

STATE of Arizona, Appellee,

v.

Javier SPROULE, Appellant.

No. 1CA–CR95–0922.

Court of Appeals of Arizona,
Division 1.

Nov. 5, 1996.

Redesignated as Opinion and
Publication Ordered Dec. 18, 1996.

Review Denied May 20, 1997.

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Susanna C. Pineda, Assistant Attorney General, Phoenix, for Appellee.

John C. Williams, Prescott, for Appellant.

## OPINION

PATTERSON, Presiding Judge.

Presiding Judge Cecil B. Patterson, Jr. and Judges Rudolph J. Gerber and Jefferson L. Lankford, having considered this appeal, affirm the trial court's decision.

Javier Sproule ("Defendant") was convicted of first degree murder. He appeals the trial court's imposition of a life sentence without possibility of release. Because the trial court did not abuse its discretion, we affirm Defendant's sentence.

## FACTS AND PROCEDURAL HISTORY

Defendant was charged with first degree murder, a class 1 felony, and burglary in the first degree, a class 2 felony. The state gave written notice of its intent to seek the death penalty. The state also amended the charges to allege the dangerous nature of the offenses.

A jury trial commenced and the Defendant was convicted as charged. The trial court then held a sentencing hearing to determine whether the death penalty should be imposed. At that hearing, the court heard and considered evidence of aggravating and mitigating circumstances through testimony presented by both the state and Defendant.

The state presented three statutory aggravating circumstances in support of its sentencing request of death: that Defendant committed the murder in a cruel, heinous or depraved manner; that he committed the murder for pecuniary gain; and that he had a prior conviction for a serious offense. *See* Arizona Revised Statutes Annotated ("A.R.S.") § 13–703(F).

The trial court found that the state had proved the existence of one statutory aggravating circumstance, i.e., Defendant's prior

conviction of a serious offense. The court also found that Defendant had proved the existence of two mitigating circumstances, i.e., his age and home life in a dysfunctional family. The trial court concluded that the statutory and nonstatutory mitigating circumstances collectively were sufficiently substantial to call for leniency. The court sentenced Defendant to a term of natural life for the first degree murder conviction and a consecutive twenty-one year term for the first degree burglary conviction. It is from this sentencing order that Defendant appeals.

## DISCUSSION

Defendant argues that the trial court abused its discretion because it failed to consider a sentence of life with the possibility of release after twenty-five years. *See* A.R.S. § 13–703(A). Defendant urges this court to vacate his sentence and remand with instructions to weigh the two sentencing alternatives, make appropriate findings on the record, and resentence Defendant.

The relevant sentencing statute is our guide. A defendant found guilty of first degree murder must suffer the death penalty or life imprisonment. A.R.S. § 13–703(A). To determine if the death penalty is warranted, the court must hold a separate sentencing hearing. A.R.S. § 13–703(B). At that hearing, the court is required to consider aggravating and mitigating circumstances but only for the purpose of determining whether the death penalty shall be imposed. A.R.S. § 13–703(B), (E), (F) and (G). If the court finds that those circumstances do not warrant the death penalty, the court must impose a life sentence. A.R.S. § 13–703(A). The trial court, in its discretion, may then choose between a term of natural life imprisonment or life with the possibility of release after a specified number of years. *Id.*

■ The trial court's discretion in this area of sentencing forms the basis of Defendant's challenge.[1] As Defendant correctly points out, abuse of discretion is demonstrat-

ed by a court's "arbitrariness, capriciousness, or failure to conduct an adequate investigation into the facts relevant to sentencing." *State v. Blanton,* 173 Ariz. 517, 519, 844 P.2d 1167, 1169 (App.1993). If there is no abuse of discretion, a sentence within statutory limits will not be disturbed on appeal. *State v. Stotts,* 144 Ariz. 72, 87, 695 P.2d 1110, 1125 (1985).

■ Here, the trial court held an extensive hearing regarding the sentencing options. The trial court issued a detailed minute entry specifically listing all of its findings regarding the evidence presented at the hearing. The court properly weighed the aggravating and mitigating factors presented and determined that the death penalty was not warranted. The court was then required to impose a life sentence, but had the discretion to impose either natural life imprisonment or life imprisonment with the possibility of release after 25 years. A.R.S. § 13–703(A). The court here sentenced Defendant to a term of natural life imprisonment without specifically stating its reasons for doing so.

The trial court in this case carefully followed the requirements of A.R.S. section 13–703 and decided against imposing the death penalty. It elected instead to impose the natural life term, which was within the statutory limits and the complete discretion of the trial court. We therefore find that the trial court did not abuse its discretion in sentencing Defendant to a term of life imprisonment for his natural life. Accordingly, Defendant's sentence is affirmed.

---

1. This is precisely the point the state missed in preparing its answering brief. Defendant does not challenge the propriety or constitutionality of the statute. Rather, Defendant claims the sentencing court abused its discretion by not expressly considering the option of a parole-eligible life term.