SUPREME COURT OF ARIZONA

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Supreme Court |
| | ) | No. CR-01-0296-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| v. | ) | No. 2 CA-CR 00-0227 |
| | ) | |
| SAMUEL PHILLIP VIRAMONTES, | ) | Pima County |
| | ) | Superior Court |
| | ) | No. CR-67216 |
| Appellant. | ) | |
| | ) | **Consolidated with** |
| _____ | ) | |
| | ) | |
| STATE OF ARIZONA, | ) | Supreme Court |
| | ) | No. CR-01-0414-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| v. | ) | No. 2 CA-CR 99-0373 |
| | ) | |
| | ) | Pima County |
| JASON JARED BECK, | ) | Superior Court |
| | ) | No. CR-60232 |
| Appellant. | ) | |
| | ) | **O P I N I O N** |
| _____ | ) | |

## VIRAMONTES

Appeal from Superior Court of Pima County
The Honorable Michael Cruikshank, Judge
**REMANDED FOR RESENTENCING**

Court of Appeals, Division Two
200 Ariz. 452, 27 P.3d 809 (2001)
**VACATED**

_____

## BECK

Appeal from Superior Court of Pima County
The Honorable Michael Brown, Judge
**REMANDED FOR RESENTENCING**

Court of Appeals, Division Two
Memorandum Decision Dated September 25, 2001
**VACATED**
## VIRAMONTES

Isabel G. Garcia, Pima County Legal Defender          Tucson
    By   Robb P. Holmes

Attorneys for Appellant

Janet Napolitano, Arizona Attorney General                    Phoenix
    By  Randall M. Howe                                       Phoenix
        Cynthia Ryan                                          Tucson
Attorneys for Appellee

## BECK

Isabel G. Garcia, Pima County Legal Defender                  Tucson
    By  Joy Athena
Attorneys for Appellant

Janet Napolitano, Arizona Attorney General                    Phoenix
    By  Randall M. Howe                                       Phoenix
        Diane M. Acosta                                       Tucson
Attorneys for Appellee

_____

**Z L A K E T, Justice (Retired)**

¶1        Samuel Viramontes and Jason Beck were separately convicted of first degree murder and each received a natural life sentence.  We consolidated their cases and granted review without oral argument to decide whether a trial court, in a first degree murder case where the state has not sought the death penalty, may consider in sentencing those aggravating factors provided for by Arizona Revised Statutes section 13-702.  We have jurisdiction pursuant to Arizona Constitution, Article VI, Section 5(3) and Arizona Rule of Criminal Procedure 31.19.

¶2        Viramontes was convicted of killing Kevin Stratton.  The state did not seek the death penalty and the trial court sentenced him to natural life in prison, having found four aggravating factors:  1) the presence of an accomplice, 2) the defendant's failure to avail himself of past rehabilitative efforts, 3) his juvenile history, and 4) a prior conviction.  The court of appeals

affirmed the sentence, holding that it was permissible for the trial court to utilize the aggravating factors set forth in section 13-702. *State v. Viramontes*, 200 Ariz. 452, 455, 27 P.3d 809, 812 (App. 2001).

¶3 Beck was convicted of kidnapping and killing David Nickell. The state did not seek the death penalty. The trial court relied on the following factors in handing down a natural life sentence: 1) Beck's 34 point I.Q. advantage over his co-defendant, 2) his lack of remorse, 3) the cruelty involved in the killing, 4) the significant emotional harm to the victim, 5) the use of a deadly weapon, 6) Beck's temperament and personality, and 7) the presence of an accomplice. In a memorandum decision, the court of appeals affirmed the sentence based on its previous opinion in *Viramontes*.

**ANALYSIS**

¶4 We review issues of statutory construction *de novo.* *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).

¶5 Arizona Revised Statutes section 13-1105(C) states that "[f]irst degree murder is a class 1 felony and is punishable by death or life imprisonment as provided by § 13-703." Section 13-703(A), as it was in effect at all times pertinent to this case,[1]

---

[1]After these defendants were sentenced, section 13-703 was amended by Laws 2001, Ch. 260, § 1. The legislature inserted a new subsection B, redesignated existing subsections B to H as C to I, and modified internal subsection references to conform to the reorganization of the section. The wording of the relevant sections remained the same. Additionally, on August 1, 2002 the

reads in part as follows: "A person guilty of first degree murder as defined in § 13-1105 shall suffer death or imprisonment . . . in accordance with the procedures provided in subsections B through G of this section." Subsection (A) further specifies that a person convicted of first degree murder is subject to 1) death, 2) natural life in prison, or 3) life in prison with the possibility of parole.

¶6         Section 13-702, on the other hand, explicitly limits its reach to classes 2 through 6 felonies. Moreover, subsection F states: "Nothing in this section affects any provision of law that imposes the death penalty, [or] that expressly provides for imprisonment for life." A.R.S. § 13-702(F).

¶7         Viramontes and Beck argue that the plain language of section 13-703(A) requires the application of its aggravators and sentencing procedures in *all* first degree murder convictions. The state, on the other hand, contends that the statute is implicated only if the death penalty has been sought--that is, where the trial court must choose either life or death. It does not apply, says the state, where the only choice is between 1) natural life and 2) life with the possibility of parole.

¶8         "[W]hen the language [of a statute] is clear and unequivocal, it is determinative of the statute's construction."

---

Arizona Legislature passed Senate Bill 1001, which further amended section 13-703, renumbered section 13-703.01 as 13-703.04, added new sections 13-703.01 and -703.05, and amended section 13-1105. Most of these changes related to death sentences, in response to *Ring v. Arizona*, 122 S. Ct. 2428 (2002).

*Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). In the absence of ambiguity, we must give effect to that language and may not employ other means of statutory interpretation. *Id.* *See also Canon School Dist. No. 50 v. W.E.S. Constr. Co., Inc.*, 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994).

¶9      We believe that sections 13-702, 13-703, and 13-1105 are clear. Section 13-1105 provides that any person guilty of first degree murder must be sentenced pursuant to section 13-703. Section 13-703(A) expressly states that a person guilty of first degree murder shall suffer death or imprisonment pursuant to its terms. And, section 13-702 expressly applies only to class 2 through class 6 felonies, with subsection (F) thereof stating that the statute has no effect on first degree murder sentencings.

¶10     The state tries to make much of the disjunctive language in subsections 13-703(A) and (E). Both speak in terms of death or life imprisonment. Thus, the state argues, the statute applies only in cases where the actual choice to be made is between death and life. We believe that such an interpretation is too restrictive and overlooks the clear language mandating that a sentencing determination for first degree murder be made pursuant to section 13-703. Nothing in the statutes expresses or implies that the procedures and aggravators of section 13-703 apply only to cases in which the state has sought the death penalty. Rather, it is clearly the nature and classification of the crime that determines the appropriate sentencing statute.

¶11     The state argues that we should examine legislative

history to properly construe the statute. While helpful under some circumstances, a review of legislative history is generally unnecessary and inappropriate where statutory language is without ambiguity. Although we recognize that the impetus for significant revision of section 13-703 was the United States Supreme Court decision in a capital case, *Furman v. Georgia*, 408 U.S. 238, 92 S. Ct. 2726 (1972), we cannot ignore the plain wording of our statutes.

¶12 We agree with the court of appeals' observation that trial judges impose consecutive sentences every day amounting to natural life in prison without the special sentencing procedures of section 13-703. That fact, however, does not inform our decision here. The statutes limit sentencing procedures in a non-capital first degree murder case to those set forth in section 13-703. It is not our place to pass on the wisdom of such limits; that is a decision for the legislature.

¶13 Moreover, nothing presented to us indicates that the legislature intended for non-capital first degree murder defendants to be sentenced using those aggravators listed in section 13-702. The court of appeals and the state rely on *State v. Sproule*, 188 Ariz. 439, 937 P.2d 361 (App. 1996), and *State v. Guytan*, 192 Ariz. 514, 968 P.2d 587 (App. 1998). But that reliance is misplaced. First, neither of those cases is binding on this court. Second, they are both easily distinguishable. In *Sproule*, the state sought the death penalty. Following a hearing pursuant to section 13-703, the trial judge determined that death was not warranted and ordered

a natural life sentence.  In *Guytan*, the defendant claimed that the trial court had double counted factors from sections 13-702 and 13-703 in sentencing him to natural life. The *Guytan* court did not explicitly approve of the use of aggravators from both statutes; it simply rejected the defendant's claim, relying on *Sproule*.

**¶14**    Finally, the court of appeals here rejected Viramontes' claim that the aggravators must be proven beyond a reasonable doubt.  *Viramontes*, 200 Ariz. at 455, 27 P.3d at 811.  We agree. Section 13-703, as it was in effect at all times pertinent hereto, makes no mention of an evidentiary standard of proof. Nevertheless, we have consistently required aggravators to be proven beyond a reasonable doubt in capital cases.  *See, e.g.*, *State v. Jordan*, 126 Ariz. 283, 286, 614 P.2d 825, 828 (1980); *see also State v. Brewer*, 170 Ariz. 486, 500, 826 P.2d 783, 797 (1992); *State v. Richmond*, 136 Ariz. 312, 322, 666 P.2d 57, 67 (1983).  In non-capital cases, aggravators need only be supported by reasonable evidence.  *See State v. Meador*, 132 Ariz. 343, 347, 645 P.2d 1257, 1261 (App. 1982); *Matter of Varbel*, 182 Ariz. 451, 455 n.7, 897 P.2d 1337, 1341 n.7 (1995).  This would include aggravators in non-capital first degree murder cases.

## DISPOSITION

**¶15**    Because the aggravators in section 13-703 are the only ones permitted in a first degree murder prosecution where the state has not sought the death penalty, these cases are remanded for resentencing.  The court of appeals' decisions are vacated.

_____
                        THOMAS A. ZLAKET, Justice (Retired)
CONCURRING:


_____
CHARLES E. JONES, Chief Justice


_____
RUTH V. MCGREGOR, Vice Chief Justice


_____
STANLEY G. FELDMAN, Justice