93 P.3d 536

**The STATE of Arizona, Appellant,**

v.

**Samuel Phillip VIRAMONTES, Appellee.**

**No. 2 CA–CR 2003–0265.**

Court of Appeals of Arizona.
Division Two, Department A.

July 12, 2004.

Reconsideration Granted Sept. 15, 2004.

Barbara LaWall, Pima County Attorney, By Elizabeth Hurley, Tucson, for Appellant.

Isabel G. Garcia, Pima County Legal Defender, By Robb P. Holmes, Tucson, for Appellee.

## OPINION

HOWARD, Presiding Judge.

¶ 1 Appellant State of Arizona challenges the trial court's sentencing of appellee Samuel Viramontes pursuant to A.R.S. § 13–703, claiming the court should have employed the aggravating and mitigating factors in A.R.S. § 13–702 instead. But, because A.R.S. § 13–4032 does not give the state the right to appeal the sentence, we do not have jurisdiction and dismiss the appeal.

¶ 2 The procedural facts relevant to this appeal are undisputed. A jury found Viramontes guilty of first-degree murder. The state had not given notice that it intended to seek the death penalty and did not ask the court to impose the death penalty; the trial court sentenced Viramontes to natural life in prison after considering the aggravating and mitigating circumstances under § 13–702. Viramontes appealed his conviction and sentence to this court, arguing the trial court should have sentenced him pursuant to § 13–703. In *State v. Viramontes,* 200 Ariz. 452, 27 P.3d 809 (App.2001), we affirmed the trial court's reliance on § 13–702, holding that the special sentencing procedures of § 13–703 do not apply when the death penalty is not an option. Viramontes petitioned for review by the supreme court, which held that a trial court must consider only the factors enumerated in § 13–703 when sentencing a defendant for first-degree murder, regardless of whether the state seeks the death penalty. *State v. Viramontes,* 204 Ariz. 360, ¶¶ 10, 15, 64 P.3d 188, 190 (2003). The supreme court vacated this court's opinion and remanded the case to the trial court for resentencing. *Id.* ¶ 15.

¶ 3 After the supreme court issued its opinion but before Viramontes was resentenced, the legislature enacted A.R.S. § 13–703.01(Q).[1] This statute requires that, when

1. 2003 Ariz. Sess. Laws, ch. 255, § 2.

sentencing a defendant for first-degree murder in a noncapital case, trial courts "[s]hall consider the aggravating and mitigating circumstances listed in § 13–702." § 13–703.01(Q)(2). Because the new statute would not become effective until after the resentencing hearing, the trial court considered the sentencing factors listed in § 13–703 as prescribed by our supreme court. The trial court sentenced Viramontes to life imprisonment with the possibility of parole after twenty-five years, rather than the natural life sentence it had previously imposed. The state now appeals from that sentence.

¶ 4 The state claims that the trial court erred by restricting itself to the sentencing factors in § 13–703, which the state asserts resulted in an illegal sentencing process, and that this court has jurisdiction under § 13–4032(5). But Viramontes argues that § 13–4032 does not grant the state the right to appeal from a sentence that is within the permissible statutory range and that this court therefore lacks jurisdiction to address the issue. Appeals by the state in criminal matters are not favored and are entertained only when that right is clearly provided by constitution or statute. *State ex rel. McDougall v. Gerber*, 159 Ariz. 241, 242, 766 P.2d 593, 594 (1988). Because statutes allowing the state to appeal must be strictly construed, we presume the state lacks the ability to appeal in criminal matters in the absence of express legislative authority. *State v. Dawson*, 164 Ariz. 278, 280, 792 P.2d 741, 743 (1990), *citing Arizona v. Manypenny*, 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981).

¶ 5 Section 13–4032(5) allows the state to appeal from "[a] sentence on the grounds that it is illegal, or if the sentence imposed is other than the presumptive sentence authorized by § 13–604 or 13–701." [2] Generally, a sentence is illegal if it is "one that is outside the statutory range." *State v. House*, 169 Ariz. 572, 573, 821 P.2d 233, 234

(App.1991); *see also State ex rel. McDougall v. Crawford*, 159 Ariz. 339, 341, 767 P.2d 226, 228 (App.1989) (sentence illegal if in violation of statutory mandates); *State v. Vargas–Burgos*, 162 Ariz. 325, 326, 783 P.2d 264, 265 (App.1989) (sentence illegal if not in compliance with mandatory provisions of statute); *State v. Suniga*, 145 Ariz. 389, 393, 701 P.2d 1197, 1201 (App.1985) (sentence unlawful if not within statutory provisions).

¶ 6 Furthermore, § 13–4032 was adopted, in part, from § 1238 of California's Penal Code, which governs the people's right to appeal. Subsection 10 of that section defines an unlawful sentence as "a sentence not authorized by law or . . . a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction." This definition is consistent with our case law concerning illegal sentences.

¶ 7 Viramontes was convicted of first-degree murder. Because the state did not seek the death penalty, the trial court was authorized to sentence Viramontes either to life in prison with a twenty-five-year minimum term or to natural life in prison. § 13–703.01(A). The trial court sentenced Viramontes to life in prison with a twenty-five-year minimum. Because the sentence is within the statutory range, we cannot say Viramontes's sentence is an illegal sentence.

¶ 8 Nor does the state's claim that the sentencing process was flawed make the sentence illegal. In a closely related context, our supreme court has distinguished an unlawful sentence from an unlawful sentencing process. Rule 24.3, Ariz. R.Crim. P., 17 A.R.S., allows a trial court, within a certain time period, to correct "any unlawful sentence or one imposed in an unlawful manner." [3] The comment to this rule differentiates between these two concepts, noting that "[a]n unlawful sentence is one not authorized by law [whereas] a sentence imposed in an unlawful manner is one imposed without due

---

2. The state does not argue that this court has jurisdiction under the second portion of § 13–4032(5), which allows the state to appeal a sentence if it is "other than the presumptive sentence authorized by § 13–604 or 13–701."

3. Although § 13–4032(5) uses the term "illegal" and Rule 24.3, Ariz. R. Civ. P., uses the term "unlawful," we consider these concepts synonymous for the purposes of this decision. *See Black's Law Dictionary* 750, 1536 (7th ed.1999).

regard to the procedures required by statute or Rule 26." Ariz. R.Crim. P. 24.3 cmt.

¶ 9 As noted above, an unlawful sentence is one that is outside the prescribed statutory range. *House,* 169 Ariz. at 573, 821 P.2d at 235. In contrast, a sentence imposed in an unlawful manner is generally one in which the error relates to the entry of judgment, the preparation of a presentence report, the conduct of the presentence hearing, or the sentencing itself. *Suniga,* 145 Ariz. at 395, 701 P.2d at 1203; *see, e.g., State v. Anderson,* 181 Ariz. 18, 19–20, 887 P.2d 548, 549–50 (App.1993) (sentence imposed in unlawful manner when court sentences defendant without having essential information). Thus, even if a sentencing procedure is unlawful, the sentence itself might still be legal. *See State v. Glasscock,* 168 Ariz. 265, 267, 812 P.2d 1083, 1085 (App.1990) (original sentence lawful, but imposed in unlawful manner).

¶ 10 In support of its argument that an illegal sentence includes any sentence imposed by an illegal process, the state relies on *State v. Cox,* 201 Ariz. 464, 37 P.3d 437 (App.2002). In *Cox,* the defendant argued the trial court had improperly believed it was required to sentence him to at least the presumptive sentence. Division One of this court held that the sentencing procedure was "fundamentally flawed" and quoted the following language from *State v. Carbajal,* 184 Ariz. 117, 118, 907 P.2d 503, 504 (App.1995): " 'The failure to impose a sentence in conformity with mandatory sentencing statutes makes the resulting sentence illegal.' " *Cox,* 201 Ariz. 464, ¶ 13, 37 P.3d at 441. But, in *Cox,* as in *Carbajal,* the defendant had appealed, not the state. And, because the defendant had not objected below, the issue in *Cox* was whether the court could reverse the defendant's sentence for fundamental error, not whether the court had jurisdiction to hear the appeal pursuant to § 13–4032(5). The court did not consider the distinction between an illegal sentence and a sentence imposed in an illegal procedure. According-

ly, the analysis in *Cox* does not apply to the sentence here.

¶ 11 The state also relies on *State v. Dawson,* 164 Ariz. 278, 792 P.2d 741 (1990). But there the trial court failed to impose consecutive sentences of life imprisonment without the possibility of parole for thirty-five years on four of the eight counts, as required by statute. *Id.* at 279, 792 P.2d at 742. This failure rendered the sentences illegal. *Id.* at 281, 792 P.2d at 744. Because no such defect exists in Viramontes's sentence, *Dawson* is not helpful to the state.

¶ 12 To maintain consistency in the use of the terms "unlawful sentence" and "unlawful sentencing process" within the criminal law, we believe the same distinction should apply to § 13–4032(5) that applies to Rule 24.3, Ariz. R.Crim. P. Accordingly, the sentence imposed here was within the statutory range and was not illegal. Even if the trial court had employed an improper sentencing procedure in resentencing Viramontes, such a defect could only amount to an abuse of discretion or legal error. And although sentencing a defendant under the improper sentencing statute might constitute a sentence imposed in an unlawful manner, § 13–4032 does not expressly grant the state the right to appeal such error. *See Dawson,* 164 Ariz. at 280, 792 P.2d at 743 (we presume state cannot appeal in absence of express statutory authority). As a result, the state has no right to appeal Viramontes's sentence, and we do not have jurisdiction to hear the case.

¶ 13 Accordingly, we dismiss the appeal.

BRAMMER and FLÓREZ, JJ., concurring.