NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

THOMAS M. LANFOR, *Appellant.*

No. 1 CA-CR 13-0266
FILED 4-15-2014

---

Appeal from the Superior Court in Maricopa County
No. CR1997-090012
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele Ponce
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Michael J. Brown joined.

---

**D O W N I E**, Judge:

¶1 Thomas Lanfor contends the superior court lacked jurisdiction to vacate his sentence because it failed to act within 60 days of his original sentencing. We conclude that the court acted in a timely fashion and therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Pursuant to a 1998 plea agreement, Lanfor pled guilty to one count of child molestation, a class 2 felony, and one count of attempted child molestation, a class 3 felony. The plea agreement stated that Lanfor would receive the presumptive term of imprisonment for the child molestation offense and would be placed on lifetime probation for the attempted child molestation offense. He was thereafter sentenced to 12 years' imprisonment and lifetime probation to commence upon his release from prison.

¶3 Lanfor was released from prison and began serving probation in September 2009. In March 2012, his probation officer filed a revocation petition based on several alleged violations. Lanfor admitted violating probation and was placed on intensive probation.

¶4 The probation revocation petition at issue in these proceedings was filed in December 2012. Lanfor admitted violating probation at his revocation arraignment. At the December 19, 2012 disposition hearing, Lanfor stated that he wished to reject probation. The court accepted his rejection, finding it was knowingly, intelligently, and voluntarily made. The court revoked probation and sentenced Lanfor to 2.25 years' imprisonment, with 226 days of presentence incarceration credit.

¶5 On January 31, 2013, the State filed a "Motion to Reconsider and Correct Prison Sentence." The State argued the December 19 sentence was illegal because it imposed less than the statutory minimum term of imprisonment. The State asked the court to correct the sentence pursuant

to Arizona Rule of Criminal Procedure 24.3, which authorizes the court to "correct any unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is perfected."[1] Based on the State's motion, the court set "Sentencing/Resentencing" for February 19, 2013.

¶6 At the February 19 hearing, the court ruled that the December 19 sentence was unlawful because it was "less than the minimum sentence allowed by law." *See State v. House,* 169 Ariz. 572, 573, 821 P.2d 233, 234 (App. 1991) ("An unlawful sentence is one that is outside the statutory range."). The court also ruled that the December 19 sentence was imposed in an unlawful manner that violated Lanfor's constitutional rights because Lanfor was not accurately advised of the sentencing range he faced and because he was improperly allowed to reject probation.[2] *See Demarce v. Willrich*, 203 Ariz. 502, 506, ¶ 19, 56 P.3d 76, 80 (App. 2002) ("[A] defendant, who is sentenced according to a plea agreement that includes lifetime probation, does not have a right to then reject the lifetime probation and, in its place, elect incarceration for a lesser term."); *State v. Glasscock,* 168 Ariz. 265, 267, 812 P.2d 1083, 1085 (App. 1991) ("A sentence imposed in an unlawful manner is one imposed without due regard to the procedures required by statute or Rule 26 of the Arizona Rules of Criminal Procedure.").

¶7 The superior court vacated the December 19 sentence, citing Rule 24.2(a)(3), which authorizes the court to vacate a judgment on specified grounds "[u]pon motion made no later than 60 days after the entry of judgment and sentence but before the defendant's appeal, if any, is perfected." The court also vacated Lanfor's admission to the probation violation and the judicial finding of a probation violation. The court offered to proceed with an admission and disposition on that date, but defense counsel responded that he planned to file a special action petition and requested a stay of the proceedings. The court set the matter for a

---

[1] The State also alleged errors in calculating Lanfor's presentence incarceration credit, but that issue is not before us on appeal.

[2] The court erroneously advised Lanfor that he was facing a presumptive term of 3.5 years, a 2.5 year minimum, a 2 year super-mitigated term, a 7 year maximum, and an 8.75 year super-aggravated term.

probation violation hearing and stayed further proceedings until that date.[3]

**¶8** After hearing evidence and argument at the March 22 probation violation hearing, the court ruled that Lanfor had violated one of his terms of probation; it dismissed the remaining allegations of probation violation. At a disposition hearing on April 17, 2013, the court revoked Lanfor's probation and sentenced him to the presumptive term of 10 years' imprisonment, with 161 days of presentence incarceration credit.

**¶9** Lanfor filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶10** Lanfor has never disputed that the sentence he received on December 19, 2012 was illegal. On appeal, he contends only that the superior court failed to act within 60 days of his December 19 sentencing and that it therefore lacked jurisdiction to vacate that sentence. Whether a court has jurisdiction is a question of law that we review *de novo*. *State v. Flores*, 218 Ariz. 407, 410, ¶ 6, 188 P.3d 706, 709 (App. 2008).

**¶11** The superior court's judgment in a criminal proceeding will be affirmed when the correct legal result occurs, even if it is based on the wrong reasons. *State v. Sardo,* 112 Ariz. 509, 515, 543 P.2d 1138, 1144 (1975). In the case at bar, although the court incorrectly relied on Rule 24.2 because no motion was filed pursuant to that rule, it nevertheless had jurisdiction to modify Lanfor's unlawful sentence under Rule 24.3.

**¶12** Lanfor's argument regarding compliance with the 60-day requirement in Rule 24.3 is unavailing. He was sentenced on December 19, 2012. His sentence was vacated 62 days later — on February 19, 2013. The 60th day, though, fell on a Sunday, and the 61st day was the third Monday in February — a legal holiday. Rule 1.3(a) states:

> In computing any period of time of more than 24 hours,
> prescribed by these rules . . . [t]he last day of the period so
> computed shall be included, unless it is a Saturday, Sunday
> or legal holiday, in which case the period shall run until the

---

[3] This Court declined jurisdiction over Lanfor's special action petition.

end of the next day which is neither a Saturday, Sunday nor a legal holiday.

¶13 Rule 1.3(a) applies to any period of time exceeding 24 hours prescribed by the Arizona Rules of Criminal Procedure, which encompasses the 60-day deadline in Rule 24.3. *Cf. State v. Renner*, 177 Ariz. 395, 397, 868 P.2d 978, 980 (App. 1993) (under Rule 1.3, notice of appeal filed 21 days after sentencing was timely because the 20th day fell on a Sunday); *State v. Brown*, 134 Ariz. 400, 402, 656 P.2d 1261, 1263 (App. 1982) (relying on Rule 1.3 to hold that where the last day under the speedy trial rule fell on a Saturday, commencing trial the following Monday was appropriate). Lanfor does not deny that the 60th and 61st days fell on a Sunday and legal holiday, respectively. His reliance on *State v. Bryant*, 219 Ariz. 514, 200 P.3d 1011 (App. 2008), is unavailing. The trial court in *Bryant* did not enter its corrective order until 115 days after the initial order; Rule 1.3 was neither implicated nor addressed.

## CONCLUSION

¶14 For the reasons stated, we affirm the judgment of the superior court.



Ruth A. Willingham · Clerk of the Court
FILED: MJT