783 P.2d 258

**STATE of Arizona, Appellee,**

v.

**Lorenzo Bruno FALCO, Appellant.**

**No. 1 CA–CR 88–1171.**

Court of Appeals of Arizona, Division 1, Department C.

June 27, 1989.

Review Denied Dec. 12, 1989.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for appellant.

## OPINION

BROOKS, Judge.

The issue in this appeal is whether Rule 24.3, Arizona Rules of Criminal Procedure, authorizes the trial court, upon discovery that it has erroneously ordered intensive probation for a defendant who is not eligible therefor, to vacate the order of probation and impose a sentence of imprisonment.[1]

Defendant Falco was charged with count I—second degree burglary, a class 3 felony; and count II—theft, a class 6 felony. He entered into an agreement with the state, agreeing to plead guilty to count I. The agreement also provided that count II, as well as another pending superior court action (cause number CR–88–00931), would be dismissed and, further, that the state would file no allegation concerning defendant's prior felony convictions. The agree-

ment also noted that probation was available for the crime to which defendant would plead guilty, but it contained no stipulation as to the sentence to be imposed.

The trial court deferred acceptance of defendant's plea until sentencing and ordered the preparation of a presentence report. The author of the report recommended that defendant be placed on intensive probation, characterizing that disposition, in view of defendant's prior record, as the only available mechanism, short of prison, to modify defendant's behavior. He observed that if no such disposition were available, "defendant would definitely appear to be prison-bound." On May 2, 1988, at the time set for sentencing, the trial court accepted defendant's plea and followed the recommendation in the presentence report, placing defendant on intensive probation for a period of 4 years. Defendant did not appeal.

Several weeks later, while defendant was serving a 45–day jail term that had been ordered as a condition of probation, his probation officer contacted the trial judge and informed him that defendant's conviction for a class 3 felony rendered him ineligible for intensive probation. In fact, at the time of defendant's crime, A.R.S. § 12–292(A) authorized that disposition only for defendants convicted of class 4, 5, or 6 felonies. *See* former A.R.S. § 12–292(A), Laws 1986, ch. 208, § 1.[2] Accordingly, the trial court undertook to correct its error pursuant to Rule 24.3.

On May 26, 1988, a new sentencing hearing was held, at which defendant urged the trial court to place him on regular probation. Based upon defendant's criminal record, however, which included convictions for numerous misdemeanors, three felonies, three grants of probation (the latest

---

1. "Intensive probation" is defined in A.R.S. § 12–291 as "a program established pursuant to this article of highly structured and closely supervised probation which emphasizes the payment of restitution." Under this program, established by the legislature in 1984, an eligible probationer must remain at home at all times except while at work or school, while performing required hours of community service, and as specifically allowed by the probation officer. *See* A.R.S. § 12–292(F)(4) (Supp.1988).

2. The most recent amendments to A.R.S. § 12–292, effective September 30, 1988, do permit a trial court to grant intensive probation to an offender who has been convicted of a class 2 or 3 felony if the court finds that the offender would otherwise be granted probation. See A.R.S. § 12–292(E).

of which had been revoked), and two prison terms, the trial court was unwilling to do this. Defendant was sentenced, over his objection, to the statutory minimum sentence for a class 3 felony—3.75 years in prison.

On appeal, defendant raises no challenge to the validity of his conviction. Furthermore, he concedes that the trial court was without statutory authority to place him on intensive probation. Nevertheless, he contends that because he was eligible for regular probation, the original order amounted to a "lawful sentence, validly imposed." He acknowledges that the trial court retained jurisdiction to modify the terms of probation, but argues that, absent a violation of those terms, the court was without authority to vacate the grant of probation entirely. We disagree.

Rule 24.3 provides:

The court may correct any unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is filed.

An unlawful sentence is one that is not within the statutory provisions. *State v. Suniga,* 145 Ariz. 389, 393, 701 P.2d 1197, 2001 (App.1985). Moreover, although an order imposing probation is not ordinarily a sentence, *see State v. Muldoon,* 159 Ariz. 295, 298, 767 P.2d 16, 19 (1988), when used in the context of Rule 26 and, by inference, Rule 24.3, the term "sentence" does include probation. *See* Comment to Rule 26.1.

It is undisputed that the imposition of intensive probation in the instant case fell outside the provisions of former A.R.S. § 12–292(A). Furthermore, neither the passage of 60 days nor the filing of a notice of appeal had divested the trial court of jurisdiction to modify an unlawful sentence.

Nevertheless, defendant maintains that, because his crime was one for which *regular* probation was available, the trial court's initial disposition was unlawful only

insofar as it prescribed the higher level of structure and closer supervision associated with *intensive* probation. He equates this defect to the imposition of an unlawful *condition of probation,* the remedy for which would be to strike only the invalid condition, leaving the grant of probation intact. *See, e.g., State v. Camargo,* 112 Ariz. 50, 537 P.2d 920 (1975); *State v. Reese,* 124 Ariz. 212, 603 P.2d 104 (App. 1979).

Defendant suggests that this court's recent opinion in *State v. Perkins,* 159 Ariz. 381, 767 P.2d 729 (App.1988), lends support to his argument. In *Perkins,* we held that the trial court was not required to advise the defendant, prior to accepting his guilty plea, that he might be placed on intensive probation, the terms of which might include combined periods of incarceration and restriction to his residence that would exceed the maximum prison sentence for his offense. We stated that "intensive probation is merely a 'highly structured and closely supervised' form of probation" and therefore "a statutory option within the discretion of the trial court in imposing probation." 159 Ariz. at 383, 767 P.2d at 731.

We find no support in *Perkins* for defendant's position. The high level of structure and the close supervision that characterize intensive probation are not legally equivalent to *conditions* of probation; they define the *form* of a statutorily authorized disposition for convicted felons. Absent statutory authority, the trial court's grant of intensive probation was unlawful.

Furthermore, defendant's eligibility for regular probation is irrelevant. The trial court neither selected nor even contemplated selecting that option in this case.[3] We reject defendant's argument that despite his ineligibility for intensive probation, the trial court could have placed him on regular probation under essentially identical restrictions. The type of supervision

---

3. For this reason, defendant would be ineligible for intensive probation even under the current statutory scheme. As noted above, A.R.S. § 12–292(E) provides that an offender who has been convicted of a class 2 or 3 felony is eligible for intensive probation only if the trial court finds that the offender would otherwise be granted probation.

that the statutes provide for persons on intensive probation is simply unavailable for those on regular probation.

For example, persons placed on intensive probation are supervised by specially-appointed "intensive probation teams," with limited caseloads. *See* A.R.S. § 12–293. The teams must make visual contact with each probationer at least four times per week and must also make weekly contact with each probationer's employer. *Id.* To insure and facilitate the payment of restitution and other court-ordered fines and fees, the probationer's wages are paid directly into an account that is established and controlled by the chief probation officer. *See* A.R.S. § 12–295(B). Defendant does not contend that the trial court might have invoked these statutory features of intensive probation while placing him on regular probation. Budgetary considerations certainly suggest otherwise. *See* A.R.S. § 12–297 (providing for submission of a proposed annual budget for the intensive probation program) *and* Laws 1984, 1st S.S., ch. 11, § 6(B) (requiring the supreme court, at the time of submitting its annual budget request, to report annually to the governor, the legislature, and the Arizona criminal justice commission concerning the number of persons supervised on intensive probation during the prior year).

For the foregoing reasons, the judgment of conviction and the sentence imposed, as modified by the trial court, are affirmed.

EUBANK, P.J., and SHELLEY, J., concur.