907 P.2d 503

The STATE of Arizona, Appellee,

v.

Loretto Felix CARBAJAL, Appellant.

No. 2 CA–CR 92–0955.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 7, 1995.

Review Denied Dec. 19, 1995.

118

Grant Woods, Atty. Gen. by Paul J. McMurdie and Randall M. Howe, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Creighton Cornell, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was charged with three counts of child molestation and three counts of public sexual indecency to a minor under fifteen. The state also filed allegations of prior convictions and commission of dangerous crimes against children. A.R.S. §§ 13–604(H) and (K), 13–604.01. In June 1992, appellant entered into a plea agreement with the state, under which he agreed to plead guilty to three counts of attempted child molestation, all class three dangerous crimes against children. The agreement provided that probation was not available on two of the counts, but that lifetime probation would be imposed on the third count. The trial court accepted the plea and, on October 14, sentenced appellant to concurrent, presumptive ten-year terms of imprisonment.

Two days later, the trial court vacated the sentence on its own motion and offered appellant the opportunity to withdraw from the agreement after it realized that the statute under which appellant was convicted, A.R.S. § 13–604.01, required that the sentences be consecutive and appellant had not been so advised at the change-of-plea hearing. At a subsequent hearing, after considering the matter with counsel, appellant decided against withdrawing from the agreement and proceeded with the change of plea after he was fully advised about its consequences, including the fact that consecutive sentences were mandatory. The court then imposed mitigated, consecutive eight-year prison terms.

On appeal, appellant first contends that the constitutional prohibition against double jeopardy was violated when the trial court vacated the original sentence. However, the Double Jeopardy Clause is not implicated by resentencing in noncapital cases. *See generally Caspari v. Bohlen,* 510 U.S. ——, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994).

We also reject appellant's contention that the original sentence was lawfully imposed and could not, therefore, be vacated. In reciting the charges to which appellant pled guilty, the agreement cited A.R.S. § 13–604.01 and described the charges as dangerous crimes against children. The cited statute mandates consecutive sentences. The failure to impose a sentence in conformity with mandatory sentencing statutes makes the resulting sentence illegal. *State v. Dawson,* 164 Ariz. 278, 792 P.2d 741 (1990). The mere fact that the plea agreement did not mandate consecutive sentences is irrelevant. Accordingly, the trial court properly vacated the sentence. Ariz.R.Crim.P. 24.3, 17 A.R.S.[1] Because the court had improperly advised appellant at the change-of-plea hearing that the sentences might run concurrently, it acted correctly in giving appellant the opportunity to withdraw his plea. *Cf. State v. Harris,* 133 Ariz. 30, 648 P.2d 145 (App.1982) (when defendant's plea was based on erroneous belief that he would be released in 15 years, trial court must afford him an opportunity to withdraw).

Finally, we reject appellant's contention that he was improperly sentenced to a longer term of imprisonment, in violation of A.R.S. § 13–702 and Ariz.R.Crim.P. 26.14, 17 A.R.S., because no conduct occurred after the first sentencing which rendered a more severe sentence appropriate. We fail to see how § 13–702 is implicated here, and we agree with the state that Rule 26.14 is also inapplicable. The latter rule follows from the United States Supreme Court's holding in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), that due process is violated when a defendant is re-

1. Rule 24.3 permits the trial court to "correct any unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is filed."

sentenced more severely as retribution for a successful exercise of his right to appeal. Appellant was not, strictly speaking, resentenced because the original sentence was illegal and void. *See State v. Thomas*, 142 Ariz. 201, 688 P.2d 1093 (App.1984). To hold otherwise would render Rule 24.3 nugatory except in those cases in which setting aside an unlawful sentence would reduce the term to be served, an absurd result clearly not contemplated by the drafters.

We have reviewed the entire record for fundamental error and have found none. We therefore affirm.

DRUKE, C.J., and ESPINOSA, P.J., concur.