IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2008-0058 |
| | ) | 2 CA-CR 2008-0059 |
| Appellee, | ) | (Consolidated) |
| | ) | DEPARTMENT A |
| v. | ) | |
| | ) | O P I N I O N |
| JERRY DON BRYANT, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause Nos. CR-20053917 and CR-20060148

Honorable Barbara Sattler, Judge Pro Tempore

VACATED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Julie A. Done                                      Phoenix
                                                                Attorneys for Appellee


Robert J. Hirsh, Pima County Public Defender
  By John F. Palumbo                                                        Tucson
                                                                Attorneys for Appellant


H O W A R D, Presiding Judge.

¶1      Appellant Jerry Bryant appeals from the trial court's order granting the Department of Public Safety's (DPS) motion to vacate a prior order expunging Bryant's deoxyribonucleic acid (DNA) profile from the state DNA database. Bryant argues that the trial court erred in vacating its earlier expungement order because the court lacked jurisdiction to grant DPS's motion. We agree and vacate the trial court's order dated January 24, 2008.[1]

**Background**

¶2      Between November 2005 and February 2006, Bryant was convicted of various class six undesignated drug offenses. He was required to submit DNA samples pursuant to A.R.S. § 13-610.

¶3      On October 1, 2007, the trial court terminated Bryant's probation in both cases, designated the offenses misdemeanors, and ordered Bryant's DNA profile expunged from the Arizona DNA identification system pursuant to § 13-610(K).[2] Apparently unbeknownst to the trial court, however, § 13-610 had been amended, and the new version became effective on September 19, 2007. *See* 2007 Ariz. Sess. Laws, ch. 261, § 2. On October 29, 2007, DPS filed a motion to reconsider the trial court's order expunging Bryant's DNA profile, pointing out that the DNA expungement statute had been amended and, under the current version, expungement of a DNA profile was no longer permitted when an offense

---

[1]This order was dated January 24 but filed January 29.

[2]This order was dated October 1 but filed October 2.

2

was designated a misdemeanor. On January 24, 2008—115 days after ordering Bryant's DNA profile expunged from the state database—the trial court granted DPS's motion. Bryant appeals from this ruling. We have jurisdiction over this appeal pursuant to A.R.S. § 13-4033(A)(3).

**Discussion**

¶4         On appeal, Bryant argues that, to challenge the trial court's order expunging his DNA profile, the state was required to appeal the order. Because the state did not appeal but instead filed a motion for reconsideration after the time for appeal had run, Bryant contends the trial court lacked jurisdiction to grant the state's motion to reverse its previous order. Subject matter jurisdiction is a question of law, which we review de novo. *State v. Flores*, 218 Ariz. 407, ¶ 6, 188 P.3d 706, 709 (App. 2008).

¶5         Because the legislative change to § 13-610 had become effective before the trial court entered its order, the October 1 expungement order was illegally lenient to the defendant.[3] *State v. House*, 169 Ariz. 572, 573, 821 P.2d 233, 234 (App. 1991) ("An unlawful sentence is one that is outside the statutory range."). The state has two procedural vehicles to challenge an illegally lenient sentence: an appeal or a timely motion pursuant to Rule 24.3, Ariz. R. Crim. P. *See State v. Dawson*, 164 Ariz. 278, 285-86, 792 P.2d 741, 748-49 (1990). If the state fails to file a timely appeal or Rule 24.3 motion, the sentence becomes

---

[3]We accept for purposes of this appeal the state's contention that the expungement order is a sentencing order. We further accept Bryant's concession that the statutory amendment applies to the October 1 order.

3

final. *See State v. Ward*, 211 Ariz. 158, ¶ 11, 118 P.3d 1122, 1126 (App. 2005) (defining "final").

**¶6**      Acknowledging that it failed to appeal Bryant's expungement order, the state argues DPS's motion was proper because it was not filed by the state and, as a nonparty, DPS was not required to appeal from the expungement order. But DPS is a department of the state, A.R.S. § 41-1711, and the state was a party to the action. Therefore, we find no basis in law for the state's argument.

**¶7**      Moreover, our supreme court has held that the state must appeal in order to challenge an illegally lenient sentence. *Dawson*, 164 Ariz. at 286, 792 P.2d at 749. If, for example, we allowed the Department of Corrections as the "keeper of inmates" to later challenge an illegally lenient sentence, that would completely undermine the holding in *Dawson. See* A.R.S. § 41-1604(A)(2) (duties of department include having custody of adult offenders). Similarly, allowing DPS as custodian of the DNA database to challenge this unappealed and final order would undermine the rationale in *Dawson* and the finality of the order. *See* A.R.S. § 41-1750 (DPS responsible for storage of criminal justice information).

**¶8**      The state further argues that DPS's motion was proper under Rule 24.3. Under that rule, "[t]he court may correct an unlawful sentence . . . within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is perfected." Here, the trial court did not enter its corrective order until 115 days after the initial order. Because the trial court did not issue its order correcting Bryant's sentence within sixty days of entry of

4

sentence, Rule 24.3 does not provide the trial court the authority to modify its initial order expunging Bryant's DNA profile.

¶9 Conceding that the trial court vacated its prior expungement order after the sixty-day time limit imposed by Rule 24.3, the state nonetheless argues the court was still entitled to correct Bryant's sentence because the motion was filed within sixty days and the court's jurisdiction to correct its illegal sentence did not simply "disappear." But Rule 24.3 requires the court actually to correct the illegal sentence within sixty days of sentencing. In contrast, Rule 24.2, Ariz. R. Crim. P., allows the court to vacate a judgment, on other grounds not pertinent here, based on a motion filed no later than sixty days after sentencing. We presume the supreme court understood the difference in drafting the rule and intended that the trial court enter its order under Rule 24.3 within the sixty-day period.

¶10 The cases the state cites also fail to support its position. In *State v. Falco*, 162 Ariz. 319, 320-21, 783 P.2d 258, 259-60 (App. 1989), when the appellate court stated that the passage of sixty days did not divest the trial court of jurisdiction to modify an unlawful sentence, it was referring to the fact that the trial court had amended the defendant's previous illegal sentence within the sixty-day time limit imposed by Rule 24.3. Similarly, in *State v. Suniga*, 145 Ariz. 389, 392-93, 701 P.2d 1197, 1200-01 (App. 1985), the defendant was resentenced within sixty days. Here, however, the trial court granted the state's motion to vacate expungement of Bryant's DNA profile 115 days after the original expungement order, beyond the time required by Rule 24.3, *Falco*, and *Suniga*.

5

¶11 Nevertheless, because DPS moved to vacate the trial court's expungement order within the sixty-day limit required by Rule 24.3, the state contends the trial court was put on notice of its sentencing error, that this notice was "sufficient to preserve a challenge to the trial court's sentence," and that the challenge was not waived. While it is true the trial court was on notice of its sentencing error, it did not order the error corrected until well after the sixty-day time limit of Rule 24.3 had expired. As we have explained, Rule 24.3 requires more than that the state simply notified the court of an unlawful sentence. Under Rule 24.3, the trial court itself must act within sixty days to correct an unlawful sentence, or the sentence will stand.

¶12 The state also argues that invalidating the trial court's order vacating the expungement of Bryant's DNA profile would be "a harsh and unfair technical application of Rule 24.3" because Bryant contributed to the delay in vacating the expungement order when he requested a forty-five-day extension to respond to the state's motion for reconsideration. But Rule 24.3 does not provide any exceptions to its time requirement. And the state waited twenty-nine days—nearly half the time allotted in the rule—to move for reconsideration of the October 1 expungement order. Additionally, the state did not oppose Bryant's request for an extension or ask the court to rule sooner. We do not believe that requiring parties to comply with procedural rules is unfairly technical or harsh.

¶13 Finally, the state contends the trial court had jurisdiction to vacate its October 1 order expunging Bryant's DNA profile because the amendment of the statute had deprived

6

the trial court of jurisdiction to issue that order; as a result, it maintains the October 1 order was void and could therefore be set aside or vacated "at any time . . . in the court where it was rendered." *State ex rel. Morrison v. Superior Court*, 82 Ariz. 237, 241, 311 P.2d 835, 838 (1957); *see also State v. Carbajal*, 184 Ariz. 117, 119, 907 P.2d 503, 505 (App. 1995) (noting, in dicta, that sentence was "illegal and void"). But Bryant counters that the order is merely voidable or erroneous, not void. *See Cockerham v. Zikratch*, 127 Ariz. 230, 234, 619 P.2d 739, 743 (1980) ("Confusion between void and merely erroneous judgments may stem from courts' often loose usage of the word 'void.'"). An order is void "if the court entering it lacked jurisdiction: (1) over the subject matter, (2) over the person involved, or (3) to render the particular judgment or order entered." *State v. Cramer*, 192 Ariz. 150, ¶ 16, 962 P.2d 224, 227 (App. 1998). An order is voidable or erroneous, on the other hand, when the trial court has jurisdiction over the subject matter and parties but the order "was subject to reversal on timely direct appeal." *Cockerham*, 127 Ariz. at 234, 619 P.2d at 743; *see also Cramer*, 192 Ariz. 150, ¶ 16, 962 P.2d at 227. And a judgment "that is voidable is binding and enforceable and has all the ordinary attributes of a valid judgment until it is reversed or vacated." *Cramer*, 192 Ariz. 150, ¶ 16, 962 P.2d at 227.

¶14 Subject matter jurisdiction is "the power of a court to hear and determine a controversy." *Marks v. LaBerge*, 146 Ariz. 12, 15, 703 P.2d 559, 562 (App. 1985). Our supreme court has recognized that the word "jurisdiction," like the word "void," has frequently been misused by our courts. *See Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98,

101, 907 P.2d 67, 70 (1995) (prior usage of word "jurisdiction" by supreme court and court of appeals was "inexact"); *see also Collins v. Superior Court*, 48 Ariz. 381, 393, 62 P.2d 131, 137 (1936) ("[T]here have been instances where appellate tribunals have used the word 'jurisdiction' when, in reality, they meant . . . a very different thing."). And an order is voidable, rather than void, when the trial court has subject matter jurisdiction but errs in issuing an order. *Cramer*, 192 Ariz. 150, ¶ 16, 962 P.2d at 227. Unlike a void order that can be vacated at any time, a voidable order must be modified on appeal or pursuant to Rule 24.3.

¶15 Here, the trial court's original expungement order was not void, but voidable: even though the expungement order was erroneous and subject to reversal, the trial court had jurisdiction to sentence Bryant and enter an order regarding his DNA profile. And unlike void judgments which can be modified at any time, that order, even if voidable and erroneous, could only be modified on appeal or by proper and timely post-judgment motion. *See Cockerham*, 127 Ariz. at 234-35, 619 P.2d at 743-44 (erroneous judgment, as opposed to void judgment, subject to reversal on timely appeal). Accordingly, because the state allowed the trial court's erroneous order expunging Bryant's DNA profile from the state database to become final without challenging it on appeal or pursuant to Rule 24.3, it remains binding and enforceable.

¶16 Quoting this court's decision in *State v. Vargas-Burgos*, 162 Ariz. 325, 326, 783 P.2d 264, 265 (App. 1989), the state nonetheless argues that the October 1 expungement order was void because, "when a sentencing court fails to abide by the mandates of the

8

applicable statute, it has exceeded its jurisdiction." And a judgment is void when the court exceeds its jurisdiction. *City of Flagstaff v. Babbitt*, 8 Ariz. App. 123, 127, 443 P.2d 938, 942 (1968).

¶17 But the question in *Vargas-Burgos* was whether the sentencing issue had been forfeited because it was not raised below, and the court only needed to find that the trial court had committed fundamental error by failing to impose a statutorily required fine. 162 Ariz. at 326-27, 783 P.2d at 265-66; *see also Dawson*, 164 Ariz. 278, 281, 792 P.2d 741, 744 (citing *Vargas-Burgos* for proposition that illegal sentence constitutes fundamental error); *see also State v. Thues*, 203 Ariz. 339, ¶ 4, 54 P.3d 368, 369 (App. 2002) (illegal sentence constitutes fundamental error); *State v. Bouchier*, 159 Ariz. 346, 347, 767 P.2d 233, 234 (App. 1989) (same). Because the trial court in *Vargas-Burgos* had jurisdiction to sentence the defendant, we conclude that we used the word "jurisdiction" imprecisely there. Nor do other cases cited by the state require a different conclusion. In *Carbajal*, 184 Ariz. at 118-19, 907 P.2d at 504-05, the court only needed to determine that the illegal sentences were erroneous and therefore correctable on appeal or pursuant to Rule 24.3. Therefore, the court in *Carbajal* also used the word "void" imprecisely. 184 Ariz. at 119, 907 P.2d at 505. And neither in *Suniga*, 145 Ariz. 389, 701 P.2d 1197, nor in *State v. Thomas*, 142 Ariz. 201, 688 P.2d 1093 (App. 1984), did the court even use the word "void." Accordingly, none of these cases requires us to find that the trial court's expungement order is void.

**Conclusion**

¶18        In light of the foregoing, we vacate the trial court's January 24 order.


_____
JOSEPH W. HOWARD, Presiding Judge


CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
J. WILLIAM BRAMMER, JR., Judge