NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER JAMES WOODS, *Appellant.*

No. 1 CA-CR 15-0414
FILED 9-29-2016

Appeal from the Superior Court in Maricopa County
No.  CR2012-147343-001
The Honorable Warren J. Granville, Judge

**AFFIRMED IN PART; MODIFIED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Patricia K. Norris joined.

---

**J O N E S**, Judge:

¶1        Christopher Woods appeals his convictions and sentences for one count each of first degree felony murder, attempted armed robbery, and conspiracy to commit possession or use of marijuana.  After searching the entire record, Woods' defense counsel has identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Woods thereafter filed a supplemental brief *in propria persona*.  After reviewing the record, Woods' convictions are affirmed, as are his sentences for first degree murder and conspiracy.  However, we find fundamental error as to Woods' sentence for attempted armed robbery, and, in our discretion under Arizona Revised Statutes (A.R.S.) section 13-4037,[1] we modify his sentence accordingly.

### FACTS[2] AND PROCEDURAL HISTORY

¶2        On the night of July 25, 2012, between 9:00 and 10:30 p.m., Woods, Leroy Jackson, and a third, unidentified individual drove to Scott T.'s residence at 83rd Avenue and McDowell Road.  The four men planned to then drive across town to Mesa, where Scott intended to purchase marijuana for Woods because Scott's marijuana dealer, David C., refused to deal with individuals with whom he was not acquainted.  After picking Scott up, the men stopped at a Walgreens.  Scott and Woods used the restroom while Jackson purchased a three-pack of work gloves.

---

[1]        Absent material changes from the relevant date, we cite a statute's current version.

[2]        We view the facts in the light most favorable to sustaining the jury's verdict, with all reasonable inferences resolved against the defendant.  *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

¶3        At David's house, someone handed Scott one hundred dollars. He took the money inside David's house while the other three men waited inside the car "in the vicinity." Scott was supposed to call the other three men after he had purchased marijuana from David and was ready to leave. Fifteen minutes later, the transaction was completed, and David walked Scott to the front door.

¶4        Unbeknownst to Scott, Woods and Jackson planned to break in and rob David. As Scott was walking out the front door, he saw multiple individuals, later determined to be Jackson and Woods, wearing masks and hoods standing against the wall just outside the door. Jackson then forced Scott out of the doorway and entered the house; in his later statements to the police, Woods admitted he was keeping watch outside the home near the front door during this time. David attempted to close the door on Jackson, but after failing to do so, turned around and ran toward the back of the house in an apparent escape attempt. Jackson then fired three shots from a handgun, one of which perforated David's heart and resulted in his death.

¶5        Meanwhile, Scott fled to a friend's nearby apartment. Scott telephoned Woods to ask about the shooting and eventually met Woods at a nearby apartment complex. When Scott confronted Woods about the shooting, Woods responded only that "it wasn't supposed to happen like that." Scott understood Woods' response to mean Woods "knew something about what happened." Woods was eventually taken into custody and repeated "what happened that night . . . was not supposed to fucking happen that night."

¶6        Jackson and Woods were each charged with one count of first degree murder, one count of armed robbery, and one count of conspiracy to commit possession of marijuana, but Woods' armed robbery charge was later amended to attempted armed robbery. Jackson pled guilty to one count of second degree murder and was sentenced to twenty-two years' imprisonment. Woods' eighteen-day jury trial began in February 2015. At the conclusion of the State's case-in-chief, Woods' counsel unsuccessfully moved for a judgment of acquittal as to the first degree murder and attempted armed robbery charges. *See* Ariz. R. Crim. P. 20(a). The jury ultimately found Woods guilty as charged.

¶7        The parties agreed the guilty verdicts established beyond a reasonable doubt that the attempted armed robbery involved the use or threatened use of a weapon, and the conspiracy to possess marijuana was completed in the presence of an accomplice. The trial court denied Woods'

subsequent motion to declare the felony murder statute unconstitutional as applied to him and sentenced Woods as a non-repetitive offender to the presumptive term on all counts. Woods was sentenced to concurrent sentences of life with the possibility of parole after 25 years for first degree felony murder, a class one dangerous felony, 10.5 years for attempted armed robbery, a class three dangerous felony, and 1 year for conspiracy to commit possession of marijuana, a class six felony. The court also gave Woods credit for 1009 days of presentence incarceration. Woods timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1), (4).

## DISCUSSION

### I. Sufficiency of Evidence

¶8 In his supplemental brief, Woods concedes he is guilty of conspiring to commit possession of marijuana, but argues his other convictions are in error because he was merely present for the attempted armed robbery and subsequent murder. We review the sufficiency of the evidence *de novo*, *State v. Felix*, 237 Ariz. 280, 289, ¶ 30 (App. 2015) (quoting *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011)), and will reverse "only where there is a complete absence of probative facts to support the conviction," *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)). We do not reweigh the evidence and defer to the jury's resolution of any inconsistencies therein. *See State v. Parker*, 113 Ariz. 560, 561 (1976) ("[I]t is the jury's function to weigh the evidence as a whole, to resolve any inconsistencies therein and then to determine whether or not a reasonable doubt exists.") (citing *State v. Money*, 110 Ariz. 18, 25 (1973)).

¶9 As relevant to Woods' convictions:

> A person commits first degree murder if . . . [a]cting either alone or with one or more other persons the person commits or attempts to commit . . . robbery under [A.R.S. §]§ 13-1902, 13-1903 or 13-1904 . . . and, in the course of and in furtherance of the offense or immediate flight from the offense, the person or another person causes the death of any person.

A.R.S. § 13-1105(A)(2). A person commits robbery if "in the course of taking any property of another from his person or immediate presence against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property." A.R.S. § 13-1902(A). Robbery is armed if, "in the course of committing robbery . . . such person or an

accomplice . . . is armed with a deadly weapon or a simulated deadly weapon; or . . . [u]ses or threatens to use a deadly weapon . . . ." A.R.S. § 13-1904(A). The offense is considered an attempt if the person "act[s] with the kind of culpability otherwise required for commission of an offense," and "[e]ngages in conduct intended to aid another to commit an offense, although the offense is not committed . . . ." A.R.S. § 13-1001(A)(3). A person is also criminally accountable for the conduct of his accomplice, and "the natural and probable or reasonably foreseeable consequences" therefrom. A.R.S. § 13-303(A). An accomplice is one who "aids, counsels, agrees to aid or attempts to aid another person in planning or committing an offense." A.R.S. § 13-301(2).

¶10 Generally, "[g]uilt cannot be established by the defendant's mere presence at a crime scene or mere association with another person at a crime scene. The fact that the defendant may have been present does not in and of itself make the defendant guilty of the crimes charged." *State v. Noriega*, 187 Ariz. 282, 284 (App. 1996) (citation omitted). In this case, however, evidence was presented upon which the jury could determine beyond a reasonable doubt that Woods agreed to and did in fact help Jackson attempt to rob David in his home by donning a mask and hood and keeping watch outside the home. Woods' statement that the events "w[ere]n't supposed to happen like that" indicate he was not merely present for the robbery attempt but was actively involved in the planning and execution. Furthermore, Jackson, Woods' accomplice, used a deadly weapon in the course of and in furtherance of the attempted robbery that resulted in David's death. That the events did not transpire as Woods intended is irrelevant; David's murder was a reasonably foreseeable consequence of the armed robbery, and Woods is criminally responsible for the actions of his accomplice under A.R.S. § 13-303(A).

¶11 Woods also argues the record does not support his conviction because, under the *corpus delicti* doctrine, he cannot be convicted of a crime based solely upon his statements to the police. *See State v. Hall*, 204 Ariz. 442, 453, ¶ 43 (2003) ("The State must establish the *corpus delicti* of a homicide by showing that the alleged injury to the victim — death, in this case — occurred and that the injury was caused by criminal conduct rather than by suicide or accident.") (citations omitted). Although Woods is correct that the "*corpus delicti* doctrine incorporates the rule that a defendant cannot be convicted of a crime based solely upon an uncorroborated confession or admission," *id.* (citing *Smith v. United States*, 348 U.S. 147, 152 (1954), and *State v. Gillies*, 135 Ariz. 500, 506 (1983)), "[o]nly a reasonable inference of the *corpus delicti* need exist before a confession may be considered," *Gillies*, 135 Ariz. at 506 (citing *State v. Gerlaugh*, 134 Ariz. 164,

170 (1982)). And, the corroborating evidence may be circumstantial. *Hall*, 204 Ariz. at 453, ¶ 43 (citation omitted).

¶12 Here, the State presented independent evidence, through Scott's testimony, that Woods stated he did not intend for the attempted robbery to result in a homicide. The State also established through Scott's testimony, Walgreens' security footage, and Woods' and Scott's cell phone data, that Woods was in the area immediately surrounding the crime scene during the relevant time period. Although circumstantial, this evidence supports a reasonable inference that David's death was not an accident, and, therefore, the *corpus delicti* existed before Woods' statements to the police were considered. Although Woods presented evidence to support his defenses, the resolution of evidentiary conflicts is solely within the province of the jury. Sufficient evidence supports Woods' convictions, and we find no error.

## II.    Fundamental Error Review

¶13 Woods was charged with and convicted of attempted armed robbery, a class three dangerous felony, and sentenced to 10.5 years' imprisonment. *See* A.R.S. §§ 13-1904(B) ("Armed robbery is a class 2 felony."), -1001(C)(2) ("Attempt is a . . . [c]lass 3 felony if the offense attempted is a class 2 felony."). Although the sentence of 10.5 years' imprisonment is within the range permitted for a class three dangerous felony under A.R.S. § 13-704(A) where, as here, the jury has found one aggravating factor beyond a reasonable doubt, the trial court announced its intention to sentence Woods to the presumptive term, and the presumptive term for a class three dangerous felony is 7.5 years. Indeed, both the transcript of the sentencing hearing and the sentencing minute entry reflect the court improperly sentenced Woods to the presumptive term for the completed crime of armed robbery, a class two dangerous felony of which he was not convicted. *See* A.R.S. §§ 13-704(A), -1904(B).

¶14 Because Woods did not raise this issue before the trial court, however, we review only for fundamental error. *State v. Trujillo*, 227 Ariz. 314, 317, ¶ 9 (App. 2011) (citing *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005)). Fundamental error occurs "in those rare cases that involve 'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Henderson*, 210 Ariz. at 567, ¶ 19 (quoting *State v. Hunter*, 142 Ariz. 88, 90 (1984)). To grant relief under this standard of review, both fundamental error and prejudice must be present. *Id.* at ¶ 20 (citations omitted).

¶15            "The failure to impose a sentence in conformity with mandatory sentencing statutes makes the resulting sentence illegal." *State v. Cox*, 201 Ariz. 464, 468, ¶ 13 (App. 2002) ("The sentencing process was fundamentally flawed because the trial court used sentencing ranges other than those mandated for the offenses in question.") (quoting *State v. Carbajal*, 184 Ariz. 117, 118 (App. 1995)).   And imposition of an illegal sentence constitutes fundamental error.  *State v. Munninger*, 213 Ariz. 393, 397, ¶ 11 (App. 2006); *State v. Thues*, 203 Ariz. 339, 340, ¶ 4 (App. 2002). Sentencing Woods for the more serious, completed crime of armed robbery when he was actually convicted of the less severe, preparatory crime of attempted armed robbery goes to the foundation of Woods' case and constitutes fundamental error.

¶16            We also find Woods prejudiced by the error.  The trial court explicitly stated its intention to sentence Woods to a presumptive term. Based on this pronouncement and the fact that the trial court sentenced Woods to the presumptive term on the other counts, it is likely that, absent its erroneous belief that Woods was convicted of the crime of armed robbery, the court would have sentenced him to the presumptive term for attempted armed robbery — only 7.5 years.  In a situation where, as here, the sentencing court imposed an unlawful sentence "and we are able to ascertain the trial court's intention by reference to the record," *State v. Contreras*, 180 Ariz. 450, 453 n.2 (App. 1994), we will use our authority under A.R.S. § 13-4037(A) to amend the illegal sentence consistent with the court's intent, *see State v. Gourdin*, 156 Ariz. 337, 339 (App. 1988) (stating A.R.S. § 13-4037(A) "authorizes us to modify an illegal sentence imposed upon a lawful finding of guilt by the trial court.").  We have no doubt the court intended to sentence Woods to the presumptive term for attempted armed robbery, and therefore modify his sentence for that crime to 7.5 years' imprisonment, to be served concurrently with all other counts.

¶17            Further review reveals no fundamental error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  So far as the record reveals, Woods was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict.  Ariz. R. Crim. P. 26.9.  The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct.  *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a).  At sentencing, Woods was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentence.  Ariz. R. Crim. P. 26.10.  Additionally, the sentences imposed for

Woods' first degree felony murder and conspiracy to commit possession of marijuana convictions were within the statutory limits. *See* A.R.S. §§ 13-702(D), -752(A), -1003(D), -2405(B)(1).

**CONCLUSION**

**¶18**   Woods' convictions are affirmed. His sentences for first degree felony murder and conspiracy to possess marijuana are affirmed. However, Woods' sentence for attempted armed robbery is modified to the presumptive term of 7.5 years' imprisonment.

**¶19**   Defense counsel's obligations pertaining to Woods' representation in this appeal have ended. Defense counsel need do no more than inform Woods of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶20**   Woods has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we grant Woods thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA