NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JASON LANARD MEEKS, *Appellant.*

No. 1 CA-CR 16-0121
FILED 2-16-2017

Appeal from the Superior Court in Maricopa County
No.  CR2014-150750-002
The Honorable Dean M. Fink, Judge

**CONVICTION AFFIRMED; SENTENCE VACATED AND
REMANDED FOR RESENTENCING**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

**B E E N E**, Judge:

**¶1**        Jason Lanard Meeks appeals his 17-year sentence resulting from his conviction for armed robbery, a class 2, dangerous felony.  For the reasons that follow, we affirm Meeks' conviction, vacate the sentence, and remand for resentencing.

## FACTS AND PROCEDURAL HISTORY

**¶2**        On October 16, 2014, the victim, M.S., attempted to purchase prescription drugs from Meeks.  M.S. and Meeks met at a Mesa apartment complex to exchange cash for drugs.  Meeks held M.S. up with a knife, and robbed him of two cell phones, a wallet, gym shoes, and approximately $6,000.  An accomplice assisted Meeks during the armed robbery.

**¶3**        The jury convicted Meeks of one count of armed robbery.  The jury also found that three aggravating circumstances were present—the use of a deadly weapon during the commission of the crime, the presence of an accomplice, and Meeks committed this offense while on community supervision.

**¶4**        At sentencing, the superior court found that Meeks had five prior felony convictions—four non-dangerous felonies and a class 4 dangerous felony.  The superior court considered the aggravating factors found by the jury, Meeks' five prior felony convictions, and three mitigating factors when sentencing Meeks.  In its sentencing order, the superior court found that Meeks was a dangerous, repetitive offender pursuant to Arizona Revised Statute ("A.R.S.") § 13-704.[1]  Because Meeks committed this offense while on community supervision, the superior court determined that he could be sentenced to no less than the presumptive prison sentence of 15.75 years.  A.R.S. § 13-708(A) (2017).  After the superior court found "that the aggravating circumstances are sufficiently substantial to warrant a

---

[1] Absent material revisions after the date of an alleged offense, we cite a statute's current version.

somewhat aggravated sentence," Meeks was sentenced to a slightly aggravated 17-year prison sentence.

¶5            Meeks timely appealed his sentence. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) (2017), 13-4031 (2017), 13-4033(A)(1) (2017) and Article VI, § 9 of the Arizona Constitution.

## DISCUSSION

¶6            On appeal, Meeks argues that the superior court erred when it considered the use of a deadly weapon as an aggravating factor because the use of a deadly weapon is an essential element of armed robbery.[2] Meeks additionally asserts that the superior court erred when it sentenced him as a dangerous, repetitive offender pursuant to A.R.S. § 13-704(D) (2017). Meeks contends that the superior court's consideration of the improper aggravating factor and its erroneous determination that he was a dangerous, repetitive offender resulted in an illegal sentence that was fundamentally prejudicial.

¶7            Meeks' claim, which is raised for the first time on appeal, is subject to fundamental error review only. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). Fundamental error occurs only "in those rare cases that involve error going to the foundation of the case, error that takes [away] from the defendant a right that is essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id*. (internal quotations and citations omitted). The defendant has the burden to show that fundamental error occurred and such error caused prejudice. *Id*. at 567, ¶ 20. When the superior court considers an improper aggravating factor in imposing sentence, we will affirm the sentence "only where the record clearly shows the [superior] court would have reached the same result even without consideration of the improper factors." *State v. Ojeda*, 159 Ariz. 560, 562 (1989).

### A. Fundamental Error

¶8            "The failure to impose a sentence in conformity with mandatory sentencing statutes makes the resulting sentence illegal." *State v. Carbajal*, 184 Ariz. 117, 118 (App. 1995). And we have held that the "[i]mposition of an illegal sentence constitutes fundamental error." *State v. Thues*, 203 Ariz. 339, 340, ¶ 4 (App. 2002). As previously stated, the superior

---

[2] The State concedes that the superior court erred when it considered the use of a dangerous weapon as an aggravating factor when sentencing Meeks for armed robbery. *See* A.R.S. § 13-1904 (2017).

court sentenced Meeks as a dangerous, repetitive offender. In order to be classified as a dangerous, repetitive offender, the defendant must be convicted of a class 2 or 3 dangerous felony and have one historical prior felony conviction that is a class 1, 2, or 3 dangerous felony. A.R.S. § 13-704(D). Although Meeks was convicted of a class 2 dangerous felony at trial, he did not possess the requisite prior felony convictions necessary to classify him as a dangerous, repetitive offender pursuant to A.R.S. § 13-704(D). The superior court's failure to impose a sentence in conformity with the sentencing statutes, in addition to the use of an improper aggravating factor, makes Meeks' sentence illegal and therefore constitutes fundamental error.

## B. Prejudice

**¶9** In addition to showing fundamental error, Meeks "must demonstrate that the error caused him prejudice." *See Henderson*, 210 Ariz. at 568, ¶ 26. Determining whether prejudice exists "involves a fact-intensive inquiry, and the showing required to establish prejudice therefore differs from case to case." *Id*. Meeks bears the burden of showing that if the superior court had not improperly considered the use of a deadly weapon in the commission of the offense and that he was a dangerous, repetitive offender, the superior court could have reasonably imposed a lighter sentence. *See id*.

**¶10** At sentencing, the superior court erroneously found that Meeks was a dangerous, repetitive offender. Additionally, the superior court improperly considered Meeks' use of a deadly weapon in the commission of the armed robbery as an aggravating factor. However, the superior court did properly consider that Meeks employed an accomplice during the armed robbery as an aggravating factor. *See* A.R.S. § 13-701(D)(4). The superior court then found the following mitigating circumstances—Meeks' difficult childhood, his history of substance abuse, and his strong family support. After considering these aggravating and mitigating circumstances, the superior court found that the aggravating circumstances were sufficiently substantial to warrant a "somewhat aggravated sentence." Meeks has demonstrated that absent the errors, the superior court could have imposed a lighter sentence. When it is "unclear whether the judge would have imposed the same sentences absent the inappropriate factor, the case must be remanded for resentencing." *State v. Alvarez*, 205 Ariz. 110, 116, ¶ 19 (App. 2003).

4

**CONCLUSION**

¶11      For the foregoing reasons, we affirm Meeks' conviction, vacate the sentence and remand for resentencing consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA